UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MELVIN MALLOY,

    Plaintiff,

                                                                         Case Number 09-11810

v.                                                    Honorable Thomas L. Ludington

MICHAEL LABEAU, *et al.*,

    Defendants.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE

On May 11, 2009, Plaintiff Melvin Malloy, presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint claims that he was wrongfully charged and convicted of criminal offenses in the Monroe County Circuit Court. Although Plaintiff does not clearly identify his offenses of conviction, the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice, *see Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that Plaintiff pleaded guilty to two counts of breaking and entering a building in the Monroe County Circuit Court and was sentenced to two years, four months in prison on July 31, 2008. Plaintiff seeks monetary, injunctive, and declarative relief. For the reasons stated below, the court will dismiss the complaint without prejudice.

I

Plaintiff has been allowed to proceed without prepayment of fees. *See* 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). However, the complaint must be dismissed if it is determined that it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000)(citing *Neitzke*, 490 U.S. at 327-28). A complaint fails to state a claim "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.* at 867. Sua sponte dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F.3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

A pro se litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F.Supp. 391, 392 ( E.D. Mich.1994)(citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); that is, they are held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such complaints, however, must plead facts sufficient to show a legal wrong has been committed from which Plaintiff may be granted relief. *Dekoven v. Bell,* 140 F. Supp. 2d 748, 755 (E.D. Mich.2001); Fed. R. Civ. P. 12(b).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

II

Plaintiff's complaint is subject to dismissal for several reasons. First, to the extent that Plaintiff seeks monetary damages arising from his criminal conviction, he would be unable to obtain such damages absent a showing that his criminal conviction had been overturned. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994); *see also Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 767 (E.D. Mich. 2009). A § 1983 suit in which a plaintiff seeks damages in connection with proceedings leading to his allegedly wrongful state court conviction is not cognizable where the conviction has never been reversed or otherwise invalidated. *See Patrick v. Laskaris*, 25 F. Supp. 2d 432, 433 (S.D.N.Y. 1998). Because Plaintiff does not allege that his conviction has been overturned, expunged, or called into question by a writ of habeas corpus, his allegations relating to his criminal prosecution, conviction, and incarceration against the defendants fail to state a claim for which relief may be granted and must, therefore, be dismissed. *See Adams v. Morris,* 90 F.App'x 856, 858 (6th Cir. 2004); *Dekoven,* 140 F. Supp. 2d at 756.

To the extent that Plaintiff is seeking to have his criminal convictions vacated or set aside in this civil rights action, the civil rights complaint is subject to dismissal. Where a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Rogers,* 595 F. Supp. 2d at 767. Section 1983 cannot serve as a basis to challenge the

fact of a plaintiff's criminal conviction; the proper instrument for bringing such a challenge would be either on direct appeal, a state post-conviction relief motion, or a petition for a federal writ of habeas corpus. *See Messa v. Rubin*, 897 F. Supp. 883, 885 (E.D. Pa. 1995); *see also Bey v. Gulley,* 2002 WL 1009488, * 2 (E.D. Mich. May 6, 2002). An action which is properly one for habeas relief does not state a cognizable claim under § 1983. *See Benson v. New Jersey State Parole Bd.,* 947 F.Supp. 827, 831 (D.N.J. 1996). When the effect of granting equitable relief under the civil rights statute would be to substitute § 1983 for a petition for writ of habeas corpus to attack a state court conviction, a prisoner fails to state a claim under § 1983. *Palmer v. Nebraska Supreme Court,* 927 F.Supp. 370, 371 (D. Neb. 1996)(quoting *Eutzy v. Tesar,* 880 F. 2d 1010, 1011 (8th Cir. 1989)). A plaintiff therefore cannot seek declaratory or injunctive relief relating to his conviction in a § 1983 action. *Nelson v. Campbell,* 124 S.Ct. 2117, 2122 (2004); *St. Germain v. Isenhower,* 98 F. Supp. 2d 1366, 1373 (S.D. Fla. 2000).

Since Plaintiff appears to be asking this Court to reverse his criminal conviction, his complaint would stand in habeas corpus, and not under the civil rights statute. The current defendants would therefore not be the proper respondent. *See Urrutia v. Harrisburg County Police Dept.,* 91 F.3d 451, 462 (3rd Cir. 1996) (citing to Rule 2(a), Rules Governing § 2254 Cases). Instead, the proper respondent would be Greg McQuiggin, the warden at the Chippewa Correctional Facility.

To the extent that Plaintiff is seeking to be released from custody, his action should have been filed as a petition for a writ of habeas corpus and not a civil rights suit under § 1983. This Court will not, however, convert the matter to a petition for a writ of habeas corpus. When a suit that should have been brought under the habeas corpus statute is prosecuted instead as a civil rights

suit, it should not be "converted" into a habeas corpus suit and decided on the merits. *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Instead, the matter should be dismissed, leaving it to the prisoner to decide whether to refile it as a petition for writ of habeas corpus. *Id.* This Court cannot treat Plaintiff's complaint as an application for habeas corpus relief because the Court has no information that Plaintiff has exhausted his state court remedies, as required by 28 U.S.C. § 2254(b) & (c), to obtain federal habeas relief. *Parker v. Phillips,* 27 Fed. Appx. 491, 494 (6th Cir. 2001). Moreover, any habeas petition would be subject to dismissal because Plaintiff has failed to name the appropriate state official as the respondent. *See Clemons v. Mendez,* 121 F. Supp. 2d 1101, 1102 (E.D. Mich. 2000). Finally, *Heck* directs a federal district court to dismiss a civil rights complaint which raises claims that attack the validity of a conviction. *See Murphy v. Martin,* 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004).

When a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his conviction or sentence is later invalidated. *See Murphy,* 343 F. Supp. 2d at 609. Therefore, because this Court is dismissing Plaintiff's § 1983 complaint under *Heck*, the dismissal will be without prejudice. *Diehl v. Nelson*, 198 F.3d 244, 1999 WL 1045076 (6th Cir. November 12, 1999)(citing to *Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996)).

III

Accordingly, it is **ORDERED** that the complaint [Dkt. # 1] is **DISMISSED** without prejudice.

Based on the preceding order, this Court certifies that any appeal by Plaintiff would be frivolous and not in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Goodell,* 157 F. Supp. 2d at 802.

                                                            s/Thomas L. Ludington  
                                                            THOMAS L. LUDINGTON  
                                                            United States District Judge

Dated: July 1, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 1, 2009.

                                      s/Tracy A. Jacobs  
                                      TRACY A. JACOBS